1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN JEFFERY CAST,

        Plaintiff,

   v.

COURT EXECUTIVE OFFICER OF
SONOMA COUNTY SUPERIOR COURT,

        Defendant.

Case No. 16-cv-07334-RS

**ORDER TO SHOW CAUSE WHY
ACTION SHOULD NOT BE DISMISSED**

      Although plaintiff John Jeffery Cast is represented by counsel in this action, he sought and

obtained leave to proceed *in forma pauperis*. The original defendants successfully moved to

dismiss the claims against them, without leave to amend. Cast was given leave to amend to pursue

the same basic claims as against other parties, but was "strongly cautioned" that:

> any claim against the Superior Court, The Court Executive
> Officer/Clerk of the Court, or other court personnel is highly likely
> to be barred under principles of absolute quasi-judicial immunity.
> Cast must exercise the utmost in good faith before pursuing such a
> claim.

      Having received this warning, counsel for Cast elected to file an amended complaint,

naming the Sonoma County Court Executive as the sole defendant. The amended complaint does

not include any allegations directed to showing that a basis for avoiding immunity exists. Relying

on his *in forma pauperis* status, Cast has not endeavored to serve the amended complaint.

      The statute effectively requires a court reviewing an *in forma pauperis* complaint to make

and rule on its own motion to dismiss before directing that the complaint be served by the United States Marshal pursuant to Federal Rule of Civil Procedure (Rule) 4(c)(2).  *See* 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that the language of § 1915(e) (2)(B)(ii) parallels the language of Federal Rule of Civil Procedure ("Rule") 12(b)(6)).  As the United States Supreme Court has explained, "[the *in forma pauperis* statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

Here, the amended complaint appears on its face to be barred by immunity, as cautioned in the order granting leave to amend.  Accordingly, Cast is hereby ordered either to dismiss the complaint or to show cause why it should not be dismissed, in briefing not to exceed 25 pages, to be filed no later than August 31, 2017.

**IT IS SO ORDERED**.

Dated:  August 15, 2017

_____
RICHARD SEEBORG
United States District Judge